**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVE SCHNECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CONVERGENT OUTSOURCING, INC. | ) | |
| | ) | |
| SERVE AT: | ) | |
| Registered Agent | ) | |
| CT Corporation System | ) | |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DOES 1-24 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Steve Schneck, by and through counsel, states as follows:

## INTRODUCTION

**1.** This is an action for statutory and actual damages brought by an individual consumer for violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA").

**2.** Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

**3.** This Court has jurisdiction over the TCPA claim under 47 U.S.C. § 227(b)(3). *Mimms v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740 (2012). Venue is appropriate in this District because Defendant conducts business in this District and a substantial portion of Defendant's illicit calls directed to Plaintiff occurred in this District.

## PARTIES

4.Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the TCPA.

5.Defendant Convergent Outsourcing, Inc. ("Defendant") is a Washington corporation registered to conduct business in and maintaining a registered agent in the State of Missouri. The principal business purpose of Defendant is the collection of debts in Missouri and elsewhere, and Defendant regularly attempts to collect debts alleged to be due another.

6.Defendants DOES 1-24 are principals, agents, owners, and/or entities related to or affiliated with Defendant Convergent Outsourcing, Inc. whose identities are currently unknown to Plaintiff and/or individuals acting on behalf of Defendant Convergent Outsourcing, Inc. One or more of these entities may be joined as parties once their identities are disclosed in discovery.

## FACTS

7.Defendant is a "debt collector," as defined by the FDCPA, 15 USC § 1692a(6), that regularly attempts to collect debts alleged to be due another from consumers using the mail and telephone.

8.Defendant had no prior business relationship, or any other relationship, with Plaintiff.

9.At no time relevant did Plaintiff expressly consent to being called by Defendant in any manner whatsoever, including calls from Defendant to Plaintiff's cellular telephone by way of an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

10. Beginning no later than August 2012, Defendant began to attempt to collect an alleged debt from Plaintiff. All operative facts giving rise to Plaintiff's claim against Defendants have occurred within the four years prior to this Complaint.

11. As part of its efforts to attempt to collect the purported debt from Plaintiff, Defendant employed the deceptive and abusive practices to collect the debt from Plaintiff. Specifically, as described more fully below, Defendant called Plaintiff's cellular telephone (251-***-6329) numerous times, caused Plaintiff's cellular telephone to ring with such frequency as to harass Plaintiff, failed to inform Plaintiff of that the purpose of the call was debt collection, called using an autodialer without Plaintiff's prior express consent, and failed to properly project its identity on caller ID.

12. Many, if not all, of Defendant's calls were placed to Plaintiff's cellular phone.

13. Defendant contacted Plaintiff on his cellular phone at least 16 to 20 times utilizing an autodialer during June 2015 alone.

14. Upon information and belief, Defendant placed called to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

15. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16. When Plaintiff answered the calls from Defendant, he heard an artificial or prerecorded voice message delivered by Defendant. The artificial or prerecorded message indicated that Defendant was attempting to reach Plaintiff and prompted Plaintiff to press "1" on his phone.

**17.** Plaintiff never provided his cellular telephone number to Defendant and never expressly consented to being contacted by Defendant on his cellular telephone using an ATDS or an artificial or prerecorded voice.

**18.** Plaintiff's cellular telephone number called by Defendant is a number for which Plaintiff incurs charges for incoming calls as well as listening to messages. Plaintiff purchases limited minutes per month for his cellular phone out of concern for his personal finances.

**19.** Mr. Schneck has incurred cellular telephone charges due to Defendant's conduct.

**20.** Plaintiff was at his place of employment during the time when he received most, if not all, of Defendant's harassing calls. As a direct consequence of the Defendant's call, business practices, and conduct, Plaintiff suffered from distraction on the job, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

**21.** Plaintiff has suffered concrete harm as contemplated by Congress when it passed the TCPA as well as actual damages as a result of the Defendant's unlawful conduct.

## COUNT I:  VIOLATION OF THE TCPA

**22.** Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**23.** Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone.

**24.** Plaintiff either never provide prior express consent to Defendant to call his cellular telephone number using an automatic telephone dialing system and/or by using a prerecorded or artificial message, or Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone using an automatic telephone dialing system and/or by using a prerecorded or artificial message.

25. Each of the aforementioned calls made by Defendant constitutes at least a negligent, if not an intentional violation of the TCPA, including the provisions of 47 U.S.C. § 227(b)(1)(A)(iii).

26. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an injunction and award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

27. As a result of each of Defendant's knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT II: INVASION OF PRIVACY

29. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

30. The Restatement (Second) of Torts, § 652(b) defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31. Defendants intentionally intruded upon Plaintiff's right to privacy by continualy harassing Plaintiff with numerous calls to his cellular telephone.

32. The conduct of Defendant in engaging in the illegal calls made to plaintiff's cellular telephone without his prior express consent or a prior business relationship with him resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

33. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages from Defendant in an amount to be determined at trial.

34. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steve Schneck respectfully requests that this Court enter judgment against Defendant Convergent Outsourcing Inc. and in favor of Plaintiff on all Counts for:

1. Statutory—up to and including treble damages—and actual damages pursuant to the TCPA, 47 U.S.C. § 227(b)(3), for Count I of Plaintiff's Complaint; and

2. Compensatory, punitive, and Such other damages as determined by the jury at trial for Count II of Plaintiff's Complaint; and

3. Costs as well as for such other relief as this Court deems just and proper.

DATED:  August 19, 2016                                  Respectfully Submitted,

                                                By:    /s/ Nathan D. Sturycz
                                                       Nathan D. Sturycz, #61744MO
                                                       100 N. Main, Suite 11
                                                       Edwardsville, IL  62025
                                                       Phone: 877-314-3223
                                                       Fax: 888-632-6937
                                                       nathan@mainstreet-law.com
                                                       *Attorney for Plaintiff*